NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT E. JAMES, | No. 22-35041 |
| Petitioner-Appellant, | D.C. No. 3:16-cv-06063-RJB |
| v. | |
| ERIC JACKSON, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submitted February 16, 2023
Seattle, Washington

Before: PAEZ and VANDYKE, Circuit Judges, and BENITEZ,** District Judge.

Robert James appeals the district court's order denying his petition for writ of

habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291, 2253(a). Because

his petition fails to show that the underlying state court decisions unreasonably

applied clearly established federal law as required under the Antiterrorism and

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The Honorable Roger T. Benitez, United States District Judge for the Southern
District of California, sitting by designation.

Effective Death Penalty Act of 1996 (AEDPA), we affirm.[1]

In 2013, James was charged in the State of Washington with raping an inebriated woman (S.C.). Before and at trial, James's counsel misinterpreted the forensic data as demonstrating that some of the DNA recovered from S.C. must have come from an unknown third party other than James. In fact, all of the male DNA found on S.C. was consistent with James. The jury found James guilty of second degree rape and sentenced him to "102 months to Life" in prison.

James appealed his conviction to the Washington Court of Appeals. As relevant here, James argued that because his counsel failed to investigate the DNA test, he "did not provide [James] the correct information which would have enabled [him] to accurately [gauge] the strengthes [sic] and weakness[es] of [his] case." The court affirmed. James then filed a personal restraint petition, arguing that his counsel's error "affected [his] decision to refuse [a] plea deal offered by the state." The court rejected James's petition for, inter alia, not "establish[ing] a prima facie case of actual prejudice."

Washington's Supreme Court remanded to the appeals court to reconsider "James's claim that defense counsel was ineffective in misinterpreting the DNA

---

[1] James's *Unopposed Motion to Supplement Record on Appeal* (Docket Entry No. 11) is granted. James's implied "motion to expand the COA" to include uncertified issues is denied. Ninth Cir. R. 22-1(e).

report." On remand, the appeals court held that "[a]lthough James has made a prima facie showing that defense counsel performed deficiently … he has failed to make a prima facie showing that he suffered prejudice as a result." "[F]atal to James's ineffective assistance claim" was that he did not "assert that he would have accepted the State's plea offer absent defense counsel's deficient performance." Washington's Supreme Court denied review, noting that the lower court's decision was consistent with clearly established federal law.

James then filed this federal habeas petition. The district court denied relief, adopting the magistrate judge's recommendation finding "that [James] has not demonstrated that the state court's application of *Strickland* was unreasonable." *See Strickland v. Washington*, 466 U.S. 668 (1984). The court concluded that although James "suggested that defense counsel's misrepresentation of the DNA report may have influenced 'his decision to accept or reject a plea offer.…' the court cannot say that it was unreasonable for the state court to have determined that [James] could not establish that but for counsel's misstatement regarding the strength of the DNA evidence, there was a reasonable probability that [he] would have accepted a plea deal."

A federal court may grant habeas relief for claimed constitutional violations under AEDPA only if the underlying state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

3

Federal law, as determined by the Supreme Court of the United States….” 28 U.S.C. § 2254(d)(1).

At issue here is *Strickland*'s two-part test for making an ineffective assistance of counsel claim: “First, the defendant must show that counsel's performance was deficient.… Second, the defendant must show that the deficient performance prejudiced the defense.” *Strickland*, 466 U.S. at 687. To demonstrate prejudice when ineffective assistance results in a rejection of a plea offer, a defendant must show that “but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea….)” *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

The state courts and the district court are correct: James failed to argue and support the required showing of prejudice under *Strickland*. They reviewed the record for any statement that James's decisions were not only “affected” or “impacted” in some general sense, but were in fact changed or determined by his counsel's error. Absent a showing of such prejudice, it was reasonable for the state courts to conclude that James failed to satisfy *Strickland*'s prejudice requirement. *See* 28 U.S.C. § 2254(d)(1).

**AFFIRMED.**[2]

---

[2] James's request for an evidentiary hearing to further develop the record is denied as moot.

4